IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. PEEBLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 07-G-1198-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

The plaintiff, CHRISTOPHER L. PEEBLES, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. CHRISTOPHER L. PEEBLES filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239. The court has carefully reviewed the entire record in this

case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.

Plaintiff's attorney asserts in brief that "[c]onsulting neurologist Dr. Norwood <u>specifically noted</u> that Plaintiff had been unable to return to work to fatigue and leg weakness. (Pl.'s br. at 8 (emphasis added).)  However, this was contained in the patient's history portion of Dr. Norwood's report prior to his physical examination and obviously reflected the plaintiff's own subjective statements about his condition.  Dr. Norwood's diagnostic impression following his examination was as follows:

> Mild quadriparesis, right worse than left, previously diagnosed left transverse myelitis.  He would have difficulty doing work related activities, which require <u>prolonged</u> standing, lifting, carrying things, handling objects, walking.  Hearing, speaking are not impaired.

[R 158 (emphasis added).]  This opinion was consistent with the ALJ's RFC determination, which was based upon the plaintiff's testimony at the hearing.  Plaintiff's argument that the ALJ "improperly rejected the opinion of ... the department's own consultative and reviewing examiners without good cause" (Pl.'s br. at 8) is disingenuous.  Additionally, plaintiff's assertion that he is unable to work because of a need to urinate 20 times per day and fatigue requiring daily naps is not supported by the treatment records.

Accordingly, the decision of the Commissioner must be affirmed.  A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 4 March 2008.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.